UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES W. REED, ) | |
| No. 88172, ) | |
| ) | |
| Plaintiff, ) | No. 3:17-cv-00823 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| CORE CIVIC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## M E M O R A N D U M

Plaintiff Charles W. Reed, an inmate of the Metro-Davidson County Detention Facility in Nashville, Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Core Civic/M.D.C.D.F., Warden T. Thomsa, Assistant Warden J. Rychen, Assistant Warden J. Corlew, Chief Security F. Perry, and Chief Unit Manager D. King, alleging violations of the Plaintiffs' civil rights. (Docket No. 1).

The Plaintiff's complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.  PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

1

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges,

or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III.   Alleged Facts

The complaint alleges that, while incarcerated at the Metro-Davidson County Detention Facility, the plaintiff began attending Islamic services in 1995. During those services, the restroom doors were never locked. At some point, the plaintiff obtained permission from the chaplain to lead the services. After the plaintiff began leading the Islamic services, the administration implemented a new policy that all restroom doors must be locked during "church pill called program and mass movement." (Docket No. 1 at p. 5). The plaintiff believes that this policy violates his federal constitutional rights. (*Id.*)

### IV.   Analysis

The complaint alleges that the plaintiff's federal rights are being violated because the facility restrooms are locked during Islamic worship services. (Docket No. 1 at p. 5). He cites the "Fourteenth Amendment Discrimination Title VI of the Civil Rights Act of 1964, Religious" as the basis for his complaint. (*Id.*)

Although the plaintiff alleges that he has been discriminated against, he does not have a valid Equal Protection claim against any defendant. The Fourteenth Amendment provides, in pertinent part, that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. Most Equal Protection claims "allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry*

3

*v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)(internal quotation marks and citation omitted). Although the complaint alleges that plaintiff has been discriminated against by the defendants because of his religion (Islam), he does not identify any specific inmate of a different religion who was treated differently under the same circumstances. The plaintiff attached the grievances he submitted concerning his complaints about the restroom doors being locked during Islamic services. (Docket No. 1 at pp. 7-9). In responding to and denying the plaintiff's grievance regarding the locked restrooms, Chief Security F. Perry states: "Captain Hawkins is following directives as given to him by the Administration here at Metro. The restrooms are to be locked during all mass movements <u>including church services of any type</u>." (Docket No. 1 at p. 9)(emphasis added). Because the evidence submitted by the plaintiff demonstrates that inmates attending all types of church services, not just Islam, are subject to the same locked door policy, the complaint fails to allege an Equal Protection claim.

Although prison inmates do not lose their First Amendment right to exercise their religion because of incarceration, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir.1985). The First Amendment does not require that prison officials provide inmates with the best possible means of exercising their religious beliefs, nor does it require that general prison policies and concerns become subordinate to the religious desires of any particular inmate; the internal administration of a correctional facility is a function legitimately left to the discretion of prison administrators. *See O'Lone*, 482 U.S. 342, 348*; Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979); *Procunier v. Martinez*, 416 U.S. 396, 405, 94 S. Ct. 1800, 40 L.Ed.2d 224 (1974), *overruled*

*on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 109 S. Ct. 1874, 104 L.Ed.2d 459 (1989).

In the absence of allegations that the plaintiff has been totally denied religious opportunities or has been subjected to intentional and arbitrary restrictions on his ability to practice his religious views, the court finds the plaintiff's inability to access a restroom during a worship service at the jail is not an infringement on the plaintiff's ability to worship while incarcerated. *O'Lone,* 482 U.S. at 350-53. The inability to access a restroom during a worship service is the type of inconvenience that is simply inherent to a correctional setting as it serves the safety and security needs of the facility. *See Mabon v. Campbell*, Nos. 98-5468, 98-5513, 2000 WL 145177 (6th Cir. Feb. 1, 2000). Therefore, the court finds that these allegations do not state a claim under the First Amendment upon which relief can be granted.

Finally, the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)(collecting cases). An Eighth Amendment conditions of confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotation marks and citations omitted). Second, the prison official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991)).

Here, the plaintiff's allegation that he cannot access a restroom during a brief jail Islamic worship service does not rise to level of an Eighth Amendment violation. Thus, the complaint also fails to state a claim upon which relief can be granted under the Eighth Amendment.

## V. Conclusion

For the reasons stated above, the court finds the complaint fails to state a § 1983 claim upon which relief can be granted as to any defendant. All claims and defendants, therefore, will be dismissed.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge