# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHARLES W. REED, ) | |
| No. 88172, ) | |
| ) | |
| Plaintiff, ) | No. 3:17-cv-00823 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| CORE CIVIC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

Plaintiff Charles W. Reed, an inmate of the Metro-Davidson County Detention Facility in Nashville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against Core Civic/M.D.C.D.F., Warden T. Thomsa, Assistant Warden J. Rychen, Assistant Warden J. Corlew, Chief Security F. Perry, and Chief Unit Manager D. King, alleging violations of the Plaintiffs' civil rights. (Docket No. 1).

The Plaintiff also submitted an application to proceed *in forma pauperis*. (Docket No. 2). Under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of his application, the Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, the application (Docket No. 2) is hereby **GRANTED**.

Under § 1915(b), the Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-Plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

in installments. Accordingly, the Plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of the Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the Plaintiff's account; or (b) the average monthly balance in the Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203. Acceptable forms of payment by *pro se* plaintiffs are cash, money order, cashier's check or credit card payment.

The Clerk of Court is **DIRECTED** send a copy of this order to the administrator of inmate trust fund accounts at the Metro-Davidson County Detention Facility to ensure that the custodian of the Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the

payment of the filing fee. If the Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the Plaintiff to his new place of confinement for continued compliance with this order.

The Court has reviewed the complaint pursuant to the Prison Litigation Reform Act and, for the reasons explained more fully in the memorandum entered contemporaneously herewith, the Court finds that the complaint fails to state a § 1983 claim upon which relief can be granted against any Defendant. Accordingly, this action is hereby **DISMISSED** as to all Defendants. 28 U.S.C. § 1915A.

Because an appeal would **NOT** be taken in good faith, the Plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

This Order constitutes the judgment in this case.

It is so **ORDERED.**

                                             Aleta A. Trauger
                                             United States District Judge